UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINA PEARSON, et al.,<br><br>Defendants. | Case No. 20-cv-04762-JSW<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AND VACATING CASE MANAGEMENT CONFERENCE** |

On July 14, 2020, Plaintiff filed the Complaint in this case and paid the filing fee. The case is scheduled for an initial case management conference on October 16, 2020 at 11:00 a.m. For the reasons set forth in this Order, the Court VACATES the case management conference, and it will reschedule it as necessary after the Court receives and considers Plaintiff's response to this Order to Show Cause.

When Plaintiff filed the Complaint, he did not submit a proposed summons. *See* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served."). In addition, "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Alternatively, a plaintiff may request that a defendant waive service by following the requirements set forth in Federal Rule of Civil Procedure 4(d).

Rule 4(m) provides that if a defendant is not served within "90 days after the complaint is

filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Under Rule 4(m), the deadline to effect service is October 13, 2020.[1]

Although Plaintiff is proceeding *pro se*, he is expected to follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

Accordingly, Plaintiff is HEREBY ORDERED TO SHOW CAUSE why this case should not be dismissed for failure to obtain and serve a summons. Plaintiff should also show cause why the Court should grant an extension of his time to serve the Defendants. Plaintiff's response to this Order to Show Cause shall be due by October 16, 2020. If Plaintiff fails to respond to this Order, the Court shall dismiss the case without prejudice for failure to prosecute. Fed. R. Civ. P. 41(b).

The Court HEREBY ADVISES Plaintiff(s) that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office. The Court also advises Plaintiff(s) that they also may wish to seek assistance from the Legal Help Center. Plaintiffs may call the Legal Help Center at 415-782-8982 for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED.**

Dated: September 24, 2020

JEFFREY S. WHITE
United States District Judge

---

[1] Ninety days from July 14, 2020 is October 12, 2020, a federal holiday. *See* Fed. R. Civ. P. 6(a)(1)(C).