UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL COLEMAN,<br><br>   Plaintiff,<br><br>   v.<br><br>CHRISTINA PEARSON, et al.,<br><br>   Defendants. | Case No. 20-cv-04762-JSW<br><br>**SECOND ORDER REGARDING CORRESPONDENCE AND ORDER TO SHOW CAUSE REGARDING SERVICE AND INSTRUCTIONS TO CLERK**<br><br>Dkt. No. 7 |

On July 14, 2020, Plaintiff filed the Complaint in this case and paid the filing fee. Although Plaintiff filed his case *pro se*, he was expected to follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

The case was scheduled for an initial case management conference on October 16, 2020 at 11:00 a.m. However, when Plaintiff filed the Complaint, he did not submit a proposed summons. *See* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served."). In addition, "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Alternatively, a plaintiff may request that a defendant waive service by following the requirements

set forth in Federal Rule of Civil Procedure 4(d).

Rule 4(m) provides that if a defendant is not served within "90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Under Rule 4(m), the deadline to effect service was October 13, 2020.[1]

On September 24, 2020, the Court vacated the case management conference and issued an order directed Plaintiff to show cause why the case should not be dismissed for failure to obtain and serve a summons. The Court also directed Plaintiff to show cause why the Court should grant an extension of his time to serve the Defendants. Plaintiff's response was due by October 16, 2020, and the Court advised Plaintiff that if he failed to respond, the Court would dismiss the case without prejudice for failure to prosecute. Fed. R. Civ. P. 41(b). The Court did not receive a response from Plaintiff, and it dismissed the case without prejudice on October 27, 2020.[2]

On June 17, 2021, Plaintiff filed a letter requesting an update and requesting that the Court re-open the matter. (Dkt. No. 7.) In that letter, Plaintiff states he was arrested on October 7, 2020, "which lead [sic] to a two week quarantine and failed ability to communicate with the Court[.]" Although that provides some explanation for why Plaintiff did not respond to the Order to Show Cause, it does not respond to the information required in the Order to Show Cause.

On August 18, 2021, the Court issued an Order stating that before it would consider Plaintiff's request to re-open this matter, it will provide him with an opportunity to respond to the Order to Show Cause. However, that Order was subsequently returned, apparently because the Plaintiff's CDCR number was omitted. Accordingly, the Court shall re-serve the Order. Plaintiff is HEREBY ORDERED TO SHOW CAUSE by October 12, 2021, that explains why he failed to obtain a summons upon filing the Complaint, why he had not served the Defendants as of September 24, 2020, and why he should be granted an extension of the time limits set forth in

---

[1] Ninety days from July 14, 2020 was October 12, 2020, a federal holiday. *See* Fed. R. Civ. P. 6(a)(1)(C).

[2] The Court notes that neither copy of the Order to Show Cause nor the copy of the Order of Dismissal that were served on Plaintiff were returned.

1  Rule 4(m) to effect service.

2  It is FURTHER ORDERED that the Clerk shall again serve Plaintiff with a copy of the

3  original Order to Show Cause and the Order of Dismissal (Dkt. Nos. 5 and 6).

4  **IT IS SO ORDERED.**

5  Dated: September 22, 2021

6  _____
7  JEFFREY S. WHITE
   United States District Judge